**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-02929-REB-MJW

JOHN D. WISE,

    Applicant,

v.

FALK, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER TO DISMISS IN PART AND FOR ANSWER

**Blackburn, J**.

    Applicant, John D. Wise, is a prisoner in the custody of the Colorado Department of Corrections (DOC) and is currently incarcerated at the Correctional Facility in Sterling, Colorado. Mr. Wise filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. He challenges the validity of his convictions and sentence in Case No. 04CR446 in the District Court in and for the City and County of Denver, Colorado.

    In a November 19, 2012, Order, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Respondents submitted a pre-answer response on December 3, 2012. Mr. Wise filed a Reply on January 14, 2013.

    The Court must construe liberally the Application filed by Mr. Wise because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not

act as an advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the Application in part.

**I. Background and State Court Proceedings**

In 2004, the state district court jury convicted Mr. Wise of attempted second-degree murder; first-degree assault; four counts of aggravated robbery; and, attempted aggravated robbery.  [# 10-1, at 6].[1]  The state district court sentenced Applicant to an aggregate prison term of 150 years in the DOC.  [*Id.*].

On June 27, 2007, the Colorado Court of Appeals affirmed Mr. Wise's convictions and sentence and remanded the case to the state district court with directions to correct the presentence report.  See *People v. Wise*, No. 04CA2534 (Colo. App. June 28, 2007) (unpublished) [# 10-6].  The Colorado Supreme Court denied Mr. Wise's petition for certiorari review on November 13, 2007. [# 10-8].

On December 14, 2007, Mr. Wise filed a motion for sentence reconsideration under  Rule 35(b) of the Colorado Rules of Criminal Procedure (Crim. P.) The state district court denied the motion on December 21, 2007.  [# 10-1, at 4].

On November 6, 2008, Mr. Wise filed a motion for post-conviction relief under Crim. P. 35(c). The state district court denied the motion on October 19, 2009.  [*Id.* at 3]. The Colorado Court of Appeals affirmed the trial court's order in *People v. Wise*, No.

---

[1]"[# 10-1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

09CA2355 (Colo. App. March 29, 2012). [# 10-13]. The Colorado Supreme Court denied Applicant's petition for certiorari on August 13, 2012. [# 10-15].

Mr. Wise initiated this action on November 7, 2012. He asserts seven claims in the Application: (1)(a) the trial court violated his Fourteenth Amendment due process rights when it denied his motion to continue trial so that counsel could present alternate-suspect reverse-similar evidence; and (b) counsel's failure to investigate and present alternative suspect evidence at trial constituted ineffective assistance, in violation of his rights under the Sixth Amendment; (2) the trial court violated his due process rights when it denied a challenge for cause to a prospective juror, whose response during voir dire demonstrated that he could not be fair and impartial; (3) his sentence is illegal and unconstitutional because the trial court imposed consecutive sentences for attempted murder and first-degree assault, where the convictions were supported by identical evidence; (4) the trial court erred under *Blakely v. Washington*, 542 U.S. 296 (2004), in concluding that the crime of attempted second-degree murder and attempted aggravated robbery were subject to "crime of violence" sentencing; (5)(a) the State's failure to preserve fingerprint evidence under the standards of *Brady v. Maryland*, 373 U.S. 83 (1963) violated his Fourteenth Amendment due process rights; and (b) his counsel was constitutionally ineffective in failing to investigate the fingerprint evidence before it was destroyed; (6) the trial court's (a) denial of a continuance to investigate a newly-discovered surveillance videotape; or, in the alternative (b) failure to exclude the videotape as a sanction under the standards of *Brady*, violated his constitutional rights to due process and a fair trial; and, (7) the state district court violated his constitutional

rights by denying his state post-conviction motion without first conducting an evidentiary hearing. [# 1, at 5-6; 14-29].

Respondents concede, and the Court finds, that the Application is timely under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1). [# 11,at 5-7]. Respondents argue, however, some of Mr. Wise's claims are procedurally defaulted.

## II. Exhaustion of State Remedies and Procedural Default

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. See O'Sullivan v. Boerckel, 526 U.S. 838, 842-43 (1999); Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. See Castille v. Peoples, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." Dever, 36 F.3d at 1534. A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam).

If a habeas petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default . . . ." Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); see also Harris v. Reed, 489 U.S. 255, 269-70 (1989)); Anderson v. Sirmons, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007) ("'Anticipatory procedural bar' occurs when the federal courts apply

procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it.") (internal quotations and citation omitted).  A claim is precluded from federal habeas review if the claim has been defaulted in state court on an independent and adequate state procedural ground, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the federal violation, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 750; *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted).

Mr. Wise's pro se status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F .3d 1128, 1130 (10th Cir. 1994).

### A.   Claim One

In claim one, Mr. Wise asserts that: (a) the trial court violated his Fourteenth Amendment due process rights when it denied his motion to continue trial so that counsel could present alternate-suspect, reverse-similar evidence; and, (b) counsel's failure to investigate and present alternate suspect evidence at trial constituted ineffective assistance in violation of the Sixth Amendment.  (# 1, at 5, 14-16].

The state court record demonstrates that Applicant fairly presented claims 1(a) and 1(b) to the Colorado Court of Appeals in his direct appeal proceeding and in his state post-conviction proceeding, respectively. [# 10-2, at 14-21; 10-9, at 26-27].  The state appellate court denied the claims on the merits. [# 10-6, at 5-7; 10-13, at 5-6]. Respondents concede that Mr. Wise exhausted state remedies for claim 1(b), but they

argue that claim 1(a) is not exhausted because Applicant failed to raise his claim in a petition for certiorari review to the Colorado Supreme Court.

The Court does not agree that Mr. Wise's failure to present claim 1(a) in his petition for certiorari review renders that claim unexhausted for purposes of federal habeas review. In order to exhaust state remedies, a claim must be presented to the state's highest court if review in that court is available. *See O'Sullivan*, 526 U.S. at 845. However, "there is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available." *Id*. at 847-48. Therefore, if a state articulates that a certain avenue for relief is not part of its standard appellate review process, it is not necessary for a defendant to pursue that avenue in order to exhaust state remedies. *See id.*

The State of Colorado has articulated that review in the Colorado Supreme Court is not part of the standard state appellate review process. More specifically, the Colorado Appellate Rules provide that:

> In all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Colo. App. R. 51.1. Therefore, the Court finds that review in the Colorado Supreme Court is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by, the Colorado Court of Appeals.

Furthermore, the Court's conclusion is supported by the fact that four circuit courts have determined that state rules similar to Colo. App. R. 51.1 eliminate the need to seek review in the state's highest court in order to satisfy the exhaustion requirement. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-03 (6th Cir. 2003); *Randolph v. Kemna*, 276 F.3d 401, 404-05 (8th Cir. 2002); *Swoopes v. Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999).

The Court finds that claims 1(a) and 1(b) are exhausted because Mr. Wise fairly presented the to the Colorado Court of Appeals as federal constitutional issues and the state appellate court denied them on the merits.

**B.   Claim Two**

For his second claim, Mr. Wise asserts that the trial court violated his due process rights when it denied a challenge for cause to a prospective juror, whose response during voir dire demonstrated that he could not be fair and impartial. [# 1, at 6, 17-18].

Applicant raised this claim as a federal constitutional issue in his opening brief to the Colorado Court of Appeals in his direct appeal proceeding. [# 10-2, at 21-25]. The state appellate court denied the claim on the merits. [# 10-6, at 8-11]. Respondents, argue, however, that the claim is not exhausted because Mr. Wise failed to present it to the Supreme Court in his petition for certiorari review.

As discussed above, the Court has determined that review in the Colorado Supreme Court is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by, the Colorado Court of Appeals. Accordingly, the Court finds that he exhausted state remedies for his second claim.

**C.     Claim Three**

In claim three, Mr. Wise asserts that his sentence is illegal and unconstitutional because the trial court imposed consecutive sentences for attempted murder and first-degree assault, where the convictions were supported by identical evidence. [# 1, at 6, 19-20]. Respondents argue that Applicant failed to exhaust state remedies for his claim because he did not raise it in the state courts as a federal constitutional issue.

Mr. Wise raised the substance of claim three as a state statutory claim in his opening brief to the Colorado Court of Appeals in his direct appeal proceeding. [# 10-3, at 2-4]. He did not assert in his opening brief that the consecutive sentences violated his federal due process rights or cite to any federal case law that might have alerted the state court to the federal nature of the claim. *See Duncan*, 513 U.S. at 366; *Baldwin v. Reese*, 541 U.S. 27, 33 (2004). Accordingly, the Court finds that Mr. Wise failed to exhaust state remedies for his third claim.

Respondents argue that Mr. Wise has committed an anticipatory procedural default of claim three because if he attempted to raise a federal constitutional claim in the state trial court at this time, it would be dismissed on procedural grounds. *See Coleman*, 501 U.S. at 735 n.1; *Anderson*, 476 F.3d at 1139 n.7.

The Colorado Rules of Criminal Procedure prohibit successive Crim. P. 35 motions under Crim. P. 35 with limited exceptions that are not applicable to Mr. Wise's claim. *See* Crim. P. 35(c)(3)(VI) and (VII) (stating that the court shall deny any claim that was raised or could have been raised in a prior appeal or post-conviction proceeding); *see also People v. Thomas*, 195 P.3d 1162 (Colo. App. 2008); *People v. Valdez*, 178

P.3d 1269, 1275 (Colo. App. 2007); *People v. Tolbert*, 216 P.3d 1, 3 (Colo. App. 2007); *accord Turman v. Buckallew*, 784 P.2d 774, 780 (Colo. 1989) ("We have emphasized that where a post-conviction application is filed, it should contain all factual and legal contentions of which the applicant knew at the time of filing, and failure to do so will, unless special circumstances exist, ordinarily result in a second application containing such grounds being summarily denied.") (internal quotation marks omitted).  Crim. P. 35(c)(3)(VII) is an adequate state procedural ground for rejecting the claim.  *See Burton v. Zavaras*, No. 09-1094, 340 F. App'x 454-55 (10th Cir. Aug. 4, 2009) (unpublished) (applying Colorado's bar against successive claims).  The Court therefore finds that Mr. Wise has procedurally defaulted claim three.

Moreover, Mr. Wise fails to show cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that the failure to consider his claim will result in a fundamental miscarriage of justice.  Accordingly, claim three will be dismissed as procedurally defaulted.

**D.     Claim Four**

For his fourth claim, Mr. Wise asserts that the trial court erred under *Blakely v. Washington*, 542 U.S. 296 (2004), in concluding that the crime of attempted second-degree murder and attempted aggravated robbery were subject to sentencing as crimes of violence. [# 1, at 6, 21-22].

Respondent concedes that claim four is exhausted because Applicant raised the substance of the claim as a federal constitutional issue in his opening brief to the Colorado Court of Appeals in the direct appeal proceeding. [# 10-2, at 27-29].

### E. Claim Five

In claim five, Mr. Wise asserts: (a) that the failure to preserve fingerprint evidence under the standards of *Brady v. Maryland*, 373 U.S. 83 (1963) violated his Fourteenth Amendment due process rights; and (b) that his counsel was constitutionally ineffective in failing to investigate the fingerprint evidence before it was destroyed. [# 1, at 23]. Respondents argue that Applicant did not present claim 5(a) to the state courts and thus it is now procedurally barred from federal habeas review.

Mr. Wise did not raise the substance of claim 5(a) to the Colorado Court of Appeals in his direct appeal proceeding or on post-conviction review. [*See generally* ## 10-2, 10-3, 10-9 and 10-10]. Any attempt to present the claim at this time in a state post-conviction proceeding would be rejected as successive. *See* Crim. P. 35(c)(3)(VII); *Turman*, 784 P.2d at 780. As such, the claim is procedurally defaulted. *See Coleman*, 501 U.S. at 735 n.1; *Anderson*, 476 F.3d at 1139 n.7. Applicant has not made the necessary showing of cause and prejudice or actual innocence to excuse his procedural default. Accordingly, claim 5(a) will be dismissed.

Respondents concede that claim 5(b) is exhausted because Mr. Wise presented the substance of the claim to the Colorado Court of Appeals as a federal constitutional issue in his state post-conviction proceeding. [# 10-9, at 28].

### F. Claim Six

For his sixth claim, Mr. Wise asserts that the trial court's (a) denial of a continuance to investigate a newly-discovered surveillance videotape; or, in the

alternative, (b) failure to exclude the videotape as a sanction under the standards of *Brady*, violated his constitutional rights to due process and a fair trial. [# 1, at 25-27].

Respondents concede that Applicant raised the substance of claim 6(a) as a federal constitutional issue before the Colorado Court of Appeals in his opening brief on direct appeal. [*See* # 10-2, at 18-19]. The state appellate court denied the claim on the merits. [# 10-6, at 7-8]. Respondents, argue, however, that the claim is not exhausted because Mr. Wise failed to present it to the Supreme Court in his petition for certiorari review.

As discussed above, the Court has determined that review in the Colorado Supreme Court is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by, the Colorado Court of Appeals. Accordingly, the Court finds that he exhausted state remedies for claim 6(a).

Mr. Wise did not raise the substance of claim 6(b) to the Colorado Court of Appeals in his direct appeal proceeding or on state post-conviction review. [*See generally* ## 10-2, 10-3, and 10-9, and 10-10].

Respondents argue that any attempt by Mr. Wise to present claim 6(b) in a state post-conviction proceeding would be rejected as successive. *See* Crim. P. 35(c)(3)(VII); *Turman*, 784 P.2d at 780. As such, the claim is procedurally defaulted. *See Coleman*, 501 U.S. at 735 n.1; *Anderson*, 476 F.3d at 1139 n.7. Applicant has not made the necessary showing of cause and prejudice or actual innocence to excuse his procedural default. Accordingly, claim 6(b) will be dismissed.

**G.     Claim Seven**

In claim seven, Mr. Wise contends that the state district court violated his constitutional rights by denying his state post-conviction motion without first conducting an evidentiary hearing. Respondents argue that this claim presents solely an issue of state law and is not cognizable in this federal habeas corpus proceeding. [# 1, at 28-29].

A federal habeas court is limited to deciding whether a conviction "violat[ed] the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). *See Swarthout v. Cooke*, ___ U.S. ___, 131 S.Ct. 859, 861 (2011) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law,'" quoting *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991)) (other internal quotations and citation omitted). Because claim seven fails to present a federal issue, it must be dismissed.

**THEREFORE, IT IS ORDERED** as follows:

1. That claims three, 5(a), 6(b) are DISMISSED as procedurally barred;

2. That claim seven is DISMISSED because is presents an issue of state law that is not cognizable on federal habeas review;

3. That within thirty (30) days Respondents SHALL FILE an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of exhausted claims 1(a), 1(b), 2, 4, 5(b) and 6(a) of the Application; and

4. That within thirty (30) days of the filing of the answer, Applicant may file a reply.

DATED at Denver, Colorado, March 20, 2013.

**BY THE COURT**:

Robert E. Blackburn
United States District Judge